OPINION OF THE COURT
George D. Marlow, J.
Defendant moves to reargue a prior decision of this court convicting him after a nonjury trial of violating section 1229-c of the Vehicle and Traffic Law which, in pertinent part, provides:
“Operation of vehicles with passengers under the age of five
“1. No person shall operate a passenger motor vehicle registered in this state, nor shall the owner thereof knowingly permit a passenger motor vehicle to be operated unless each passenger of such vehicle under the age of five is restrained in a specially designed detachable or removable seat which meets the Federal Motor Vehicle Safety Standards set forth in 49 C.F.R. 571.213.
“2. For the purposes of this section, the term ‘passenger motor vehicle’ shall include all motor vehicles registered or capable of being registered pursuant to subdivision six of section four hundred one of this chapter except those vehicles which are used as school buses, as such term is defined in section one hundred forty-two of this chapter.” Defendant concedes that he was driving á vehicle with two passengers under the age of five who at the time were not restrained in the manner set forth in subdivision 1 of section 1229-c. However, he contends that this section of law does not apply in this instance because the vehicle he was driving is a “commercial van” rather than a “passenger motor vehicle”.
*1086 Accordingly, a resolution of the issue thus posed by defendant turns on whether his vehicle is capable of being registered pursuant to subdivision 6 of section 401 of the Vehicle and Traffic Law. This court believes, inter alia, that the vehicle is capable of being so registered, and, therefore, subdivision 1 of section 1229-c of the Vehicle and Traffic Law has appropriate application to the case at bar.
The term “motor vehicle” is defined in section 125 of the Vehicle and Traffic Law, and it clearly includes defendant’s vehicle. The Vehicle and Traffic Law contains no applicable definition of “passenger motor vehicle” other than as it is defined hereinabove in subdivision 2 of section 1229-c and that section’s reference to subdivision 6 of section 401. A reading of subdivision 6 of section 401 tells us the types of vehicles capable of being registered by its terms. Within section 401 (subd 6, par a) there is a list of criteria for registration and these criteria concern, inter alia, the vehicle’s weight, but not its commercial or noncommercial character. Indeed, the definition of “suburban” set forth in section 401 (subd 6, par a) contemplates both commercial and noncommercial vehicular uses. Moreover, the types of vehicles capable of registration pursuant to subdivision 7 of section 401 do not include “commercial vans”.
Consequently, the court is satisfied that defendant’s vehicle comes within the purview of section 1229-c, and a child safety seat is therefore required.
In addition to the statutory interpretation compelling this conclusion, it is also logic and public safety that make this application of the “child safety seat law” most appropriate. It can hardly be convincingly argued that the safety of helpless, infant passengers ought to await further legislative clarification while the life of any one such innocent human being is endangered. It serves no legitimate purpose, nor does it make any sense to believe that this law was intended to exclude all of those children who happen to have the misfortune of being a passenger with their families in motor vehicles which happen to be used predominantly for commerce. Moreover, there is nothing in the law to support such a view. Infant passengers in both commer *1087 cial and noncommercial vehicles are equally precious and deserve equal protection.
In view of the foregoing, the motion to reargue is granted, and, upon argument, the court adheres to its original decision. Defendant is hereby directed to mail part II of his license within 15 days of the date hereof following which a fine will be considered.